Judgment entered for the defendants.

THOMAS GROGAN v. THOMAS McMAHON and another.

A contractor, when joined as a party defendant in an action under the mechanics' lien law, may avail himself of a counter claim against the claimant. And if such counter claim exceed the claimant's demand, he may have judgment against the plaintiff for the excess.

SPECIAL TERM, MARCH, 1858.
Before DALY, FIRST J.

THIS action was instituted under the act "for the better security of mechanics and others," passed July 11, 1851, and amended April 13, 1855.

The issues were tried by the court, at a special term, without a jury.   The opinion states the facts.

*Chauncey Shaffer*, for the plaintiff.

*Wm. Henry Anthon*, for the defendants.

DALY, FIRST J.—This is an action to foreclose a lien.   It is brought against the owner, Raphael, and his contractor, McMahon, for materials furnished by the plaintiff to the contractor, McMahon, in pursuance of a contract made by McMahon with Raphael for the erection of three dwelling houses.   The amount claimed to be due by the plaintiff is $202.   The contractor, McMahon, in his answer, sets up a counter claim against the plaintiff for the sum of $375,

Grogan *v.* McMahon.

founded upon a promissory note made by the plaintiff to the order of one B. Clark, which note was endorsed by Clark and delivered to the contractor, McMahon, and was due and unpaid when Grogan, the plaintiff, filed his lien. The defendant, McMahon, asks that the amount due upon the note may be set off against the amount of the plaintiff's claim, and that he have judgment against the plaintiff for the amount of the excess of said note, over and above the plaintiff's demand. The only question in the case is, whether he can avail himself of a counter claim against the contractor in an action of this description I see no objection to it.

By the amendatory act of 1855, § 5, the contractor may be made a defendant, and a personal judgment rendered against him for the amount which shall be found owing by him to the party filing a lien. This is entirely distinct from the judgment against the owner, which affects only his right and title in the premises upon which the lien is an incumbrance, and is, as respects him, strictly a proceeding *in rem.* When the party who has imposed the lien makes the contractor a defendant, it is in effect the same as commencing an action against him for the recovery of the claim, and the contractor may avail himself of any defence to the claim, and has all the rights as a defendant which he would have had if he had been sued in an ordinary action, independent of the proceedings to foreclose the lien. He may avail himself of a set off to the whole, or to part of the plaintiff's claim ; or, if he set off against the claim of the plaintiff, he may have judgment for the excess. There is no reason why he should be turned over to another action to sue for the residue, when both parties are before the court, and every right or advantage they could have in another action, is available in this.

Judgment will, therefore, be rendered discharging the lien with costs to the owner, and a judgment for the defendant, McMahon, against the plaintiff for the amount of the note and interest, over and beyond the plaintiff's claim.

Judgment directed accordingly.